UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RAMON RICHARD SANCHEZ
Parent of the minors Elisa Sanchez
and Destiny Sanchez,

        Plaintiff,

v.                                No. 17-CV-437 MV/KK

GEICO INDEMNITY COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Opposed Motion for Dismissal of Complaint for Uninsured Motorist Benefits and Attorney Fees ("Motion to Dismiss") [Doc. 50]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## BACKGROUND

On March 6, 2017, Feliz Rael, as personal representative and next best friend of Elisa Sanchez and Destiny Sanchez, commenced the instant action in state court. Doc. 1. The complaint seeks damages arising out of Defendant GEICO Indemnity Company's failure to pay insurance claims for injuries suffered by the minors, who were passengers in a vehicle driven off an embankment by an underinsured motorist. Doc. 1. On April 11, 2017, Defendant removed the case to this Court. *Id.*

On May 23, 2017, the Court entered an Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines and an Order Setting Rule 16 Settlement Conference. Doc. 12; Doc. 13. Thereafter, on August 17, 2017,

the parties jointly moved to extend the case management deadlines. Doc. 17. The Court granted the extension. Doc. 19. On October 20, 2017, the parties again jointly moved to extend the case management deadlines. Doc. 24. Following a status conference on November 15, 2017, the Court granted the motion and extended the deadlines. Doc. 30.

On November 28, 2017, the parties jointly moved to postpone the settlement conference, citing "[d]elays in discovery and other case management deadlines [that] occurred in consequence of withdrawal and substitution of Plaintiff's counsel" as grounds for the motion. Doc. 31. On November 29, 2017, the Court granted the motion and set a settlement conference for June 15, 2018. Doc. 32. On January 29, 2017, Rael filed a motion seeking to substitute Ramon Sanchez as the personal representative and next best friend of Elisa Sanchez and Destiny Sanchez. Doc. 36. The Court granted the motion on February 1, 2018. Doc. 39.

On April 3, 2018, Defendant filed an Emergency Motion for Case Management Conference, indicating that Plaintiff's second set of attorneys had been terminated, and that the "de facto Plaintiff, Jaime Sanchez, ha[d] apparently indicated that she will not retain new counsel until May, 2018[,]" and outlining case management issues arising from the purported termination. Doc. 44. Simultaneously, Defendant filed a Motion for Summary Judgment. Doc. 45.

On April 13, 2018, the Court held a telephonic status conference regarding Defendant's emergency motion. Doc. 47. During the conference, Plaintiff's counsel, Ms. Padilla-Silver, informed the Court that Plaintiff wishes to dismiss the case and that she had provided a proposed motion to dismiss to Defendant's counsel, Mr. Harwood. Doc. 48. Mr. Harwood expressed concerns related to the prospect of the motion to dismiss. *Id.* The Court gave Ms. Padilla-

Silver a deadline of April 20, 2018, to file the contemplated motion to dismiss. *Id.* Plaintiff met that deadline, filing the instant Motion to Dismiss on April 19, 2018. Doc. 50. That same day, Defendant filed its opposition to the Motion to Dismiss. Doc. 51. Thereafter, on April 24, 2018, the Court stayed discovery. Doc. 55.

## **STANDARD**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, once a defendant files an answer or a motion for summary judgment, "a plaintiff may voluntarily dismiss an action only upon order of the court." *Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997) (citing Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by a court order, on terms that the court considers proper."). "The rule is designed "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander*, 114 F.3d at 1537.

In determining whether dismissal would subject the defendant to legal prejudice, although not exhaustive, "relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* Further, "the district court should endeavor to insure substantial justice is accorded to both parties." *Id.* Accordingly, the court "must consider the

3

equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion." *Id.* Finally, "the important factors in determining legal prejudice are those involving the parties, not the court's time or effort spent on the case." *Id.*

## DISCUSSION

Plaintiff requests that the Court grant his motion to voluntarily dismiss this action under Rule 41(a)(2). In support of his request, Plaintiff states that Plaintiff's "counsel has recommended", and the minor children's "next best friend agree[s]," that "dismissal is in the best interest of the minor children." Doc. 50 ¶ 4. Plaintiff indicates that it is his "plan that the case will be refiled only after the minor children have obtained a level of maturity where they can have more control of the legal proceeding." *Id.* Plaintiff further represents that "[t]he communication between the minor children, the next best friend and the minor children's mother prevents counsel from adequately representing the minor children in this matter at this time." *Id.*

Defendant opposes the Motion to Dismiss. In support of its opposition, Defendant argues that it "has been made to participate in this lawsuit since March, 2017, it has expended considerable resources in defense and discovery in this matter," and it "would be unfairly prejudicial to the Defendant to dismiss this case without consideration of its pending Summary Judgment motion because the Defendant is entitled to permanent dismissal of the Plaintiff's claims if its Motion is granted." Doc. 51 at ¶ 3.

The Court does not find that dismissal at this juncture would cause Defendant to suffer legal prejudice. First, while Defendant summarily states that it has expended "considerable

4

resources" on this matter, Defendant provides no detail or evidence regarding its expenditures. Further, Defendant does not mention, much less address, the factors relevant to this Court's determination. With regard to those factors, there is no evidence that Defendant has gone to any effort or expense to prepare for trial or that Plaintiff has engaged in excessive delay or lack of diligence in pursuing this action. Plaintiff has provided an explanation of the need for dismissal, namely, that the minor children cannot be adequately represented at this time because of a breakdown in communications among the various people upon whom they must rely until they reach the age of majority. With regard to the present stage of litigation, as noted above, Defendant has not been obligated to comply with case management deadlines, as those have been extended multiple times, and discovery in this matter has been stayed.

Admittedly, Defendant has filed a motion for summary judgment. While "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice," it does not appear that Plaintiff's motion to dismiss was designed to avoid a decision on Defendant's motion for summary judgment. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). The turmoil amongst the minor children's representatives, the parties, and counsel is apparent from the record, and it is this turmoil which Plaintiff credibly represents is the reason for his motion. Further, Plaintiff alerted the Court of his desire to dismiss this action only 10 days after Defendant filed its motion for summary judgment. Thus, this is not a case where Plaintiff delayed responding to Defendant's motion, sought extensions on the ground that he needed time to conduct discovery and respond, and then squandered the opportunity, only to seek dismissal without prejudice days before a response to the dispositive motion was due. *See id.* (dismissing motion to dismiss where motion for

summary judgment had been pending for four months, plaintiff had been granted additional time to respond to motion and an extension of time for discovery, and plaintiff, who did not conduct any further discovery, filed motion to dismiss, offering "little explanation" for decision to dismiss, only days before its response to summary judgment motion was due).

As noted above, this Court must consider the equities facing both Plaintiff and Defendant. While dismissal might result in Defendant being obligated to defend against the same allegations in a future action, this inconvenience is outweighed by the hardship that will most likely befall the minor children if they are obligated to remain in the current action, namely that their interests will not be adequately represented. Further, if, as Defendant argues, it is entitled to summary judgment in its favor on any claims brought against it by the minor children, then it will remain so entitled if the minor children decide to bring an action against it at some later date. Under the circumstances, to ensure that substantial justice is accorded to both parties, the Court finds that it is proper to grant Plaintiff's motion to dismiss this action without prejudice.

## **CONCLUSION**

After considering the relevant factors, the Court finds that dismissal of this action will not subject Defendant to legal prejudice.

**IT THEREFORE IS ORDERED** that Plaintiff's Opposed Motion for Dismissal of Complaint for Uninsured Motorist Benefits and Attorney Fees [Doc. 50] is GRANTED and the instant action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

DATED this 8th day of February, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge